ELIHU NORTON *v.* SOLOMON DOWNER, WOOSTER DOWNER, and HORACE W. DANA.

It is no valid objection to the sustaining of an action upon a promissory note, by the endorsee, that the note was made payable to the order of, and endorsed by, one of the members of a firm.

*Dictum.* Such note, when endorsed, is, *prima facie,* a good cause of action in the hands of the endorsee.

THIS was an action brought by the plaintiff, as endorsee of a promissory note of S. Downer & Co., dated October 10, 1838, and made payable to Horace W. Dana, or bearer, and by him, for value received, endorsed to the plaintiff on the 1st of May, 1840. Plea, general issue, and trial by jury.

On the trial in the county court the plaintiff proved that the defendants composed the firm of S. Downer & Co.; that Wooster Downer, one of the defendants, executed the note, by affixing thereto the name of the firm, and delivered it to the said Dana, another of the defendants; and that the endorsement of the same was in the hand writing of Dana. On this evidence, the court charged the jury that the plaintiff was not entitled to recover. Verdict for defendants, and exception to the charge of the court, by the plaintiff.

*L. B. Peck & Wm. Hebard,* for plaintiff.

As this note was given in the usual form, for a good consideration, made by one legally competent to make and sign it as he did—made and delivered to a person legally competent to receive the promise and enforce it and by him duly endorsed to the plaintiff,—the plaintiff insists that the note is not void, and that the charge of the court below was erroneous.

The plaintiff is an innocent *endorsee;* and notes in the hands of such are never void, unless the consideration is money won at play, or when they are given on a usurious debt. 3 Kent's Com. p. 79. The equity of the case is with the plaintiff. By a recovery, the plaintiff obtains nothing to which he is not entitled, and the defendants part with nothing which they have a right to retain.

The objection to the note is one exclusively of a technical character, growing out of the remedy, and growing out of the rule that a party cannot sue himself; and it would seem

that when the note is endorsed, the objection ceases to operate. This case is like that of a note made payable to one's own order, upon which no action can be sustained, until it is endorsed, when it becomes a legal contract, which may be enforced against the maker, although he is both payer and payee. *Pitcher* v. *Barrows,* 17 Pick. 361 ; Chitty on Bills, 28, 8th Edition ; *Russell* v. *Swan,* 16 Mass. 314; *Burnham,* v. *Whittier,* 5 N. H. Rep. 334; *Parker* v. *Malcomber,* 18 Pick. 505; *Little* v. *Rogers,* 1 Metcalf, 108; *Nevins* v. *Townsend et. al.,* 1 Con. Rep. 5. (6 Conn. old series ;) *Kinsley* v. *Robinson,* 21 Pick. Rep. 327; *Dwight et al.* v. *Scovil et al.* 2 Day, 654 ; *Smith* v. *Lusher,* 8 Cow. 688.

*E. Weston* and *L. B. Vilas,* for defendants.

The note in question was dated October 10, 1838, and not endorsed until about two years after ; and being payable on demand, was uncurrent. The note being signed by the firm of which Dana, the payee, was a member, it will not be contended could have been sued in his name. That a suit may be sustained in the name of an endorsee, for a valuable consideration, on such a note, is shown by the Massachusetts authorities ; but it is believed that the doctrine leads to fraud, and, as it never has been adopted here, it would be the safer policy to reject it entirely.

But if the court hold that the suit can be sustained on this point, then we contend, that the plaintiff cannot recover, without proving a consideration. In this case no consideration was shown by the endorsee, and hence it is contended that he did not make a *prima facie* case, and the county court were right in directing a verdict for the defendants. *Heath* v. *Sansom and Evans,* 22 Com. Law. Rep. 78, and the authorities there cited.

The opinion of the court was delivered by

REDFIELD, J. — The objection to the plaintiff's claim, that the note was originally executed by all the defendants, as a partnership, and made payable to one of the firm, Horace W. Dana, who endorsed the note to the plaintiff, is merely technical ; and although avoidable, at law, while the note remained in the hands of the payee, as it created an insurmountable defect of legal parties, as the same person cannot be both plaintiff and defendant — we think. is whol-

ly removed by the negociation of the note. The same view has been taken of this matter by the courts in other states. *Pitcher* v. *Barrows*, 17 Pick. 361 ; *Nevins* v. *Townsend*, 6 Conn. R. 5 ; *Smith* v. *Lusher*, 8 Cow. 688.

This is really the only question which properly arises on the bill of exceptions, being the only one decided by the court below. As this ended the case, all other questions were properly removed from the consideration of the court below, and are not, strictly, before this court. We have, however, not found any ground of doubt, that the note and endorsement, does, *prima facie*, show a good cause of action in the plaintiff. It is not for us to presume, or to conjecture, that this note was given as a receipt for the portion of capital invested by the payee in the concern. And what avail such proof, if offered by the defendants, should have, if any, it is not, now, necessary to consider.

Judgment reversed, and a new trial granted.