## EDWARD SPRAGUE *v.* LABON AINSWORTH.

*Promissory Note.    Payment.    Partnership.*

If a note is in fact a partnership debt, all the partners are under the same obligation to pay it as between themselves, if signed by one partner only, as though signed by all; and if a partner pay it with his private funds it will extinguish the note and leave it of no binding force as a note; and the paper would constitute the basis of a claim in his favor against the partnership, and such claim would be a proper subject of adjustment in the settlement of the company business.

But a naked promise afterwards made by the signer to the partner who paid it, to pay the note, would not revive it as a note so as to enable said partner, or one to whom he negotiated it, to recover thereon in an action against the signer.

THIS was an action of *assumpsit* on two promissory notes, and sued by the plaintiff as bearer and endorsee. Pleas, the general issue, statute of limitations, payment and release, and discharge. The pleas were all traversed, except the second, and to that a new promise was pleaded, and issue of fact joined thereon to the jury. The case was tried at the June Term, 1866, PECK, J., presiding. The only question discussed in the opinion arose upon the charge of the court to the jury in regard to the following note :

" ROYALTON, June 10th, 1866.

" On demand with interest from date for value received we each as principal jointly and severally promise to pay the Bank of Royalton or bearer at said bank three hundred and fifty dollars.

" LABON AINSWORTH."

The plaintiff's testimony tended to prove that he purchased said note of Ziba Sprague, who had been a partner of the defendant, and that the same was properly assigned to him before the commencement of this suit, but not till after settlement of the partnership business. The charge of the court and other facts are stated in the opinion. To that part of the charge set forth in the opinion, the plaintiff excepted. Verdict for the defendant.

*Wm. Hebard,* for the plaintiff.

*D. C. Denison* and *J. W. Rowell,* for the defendant.

The opinion of the court was delivered by·

PIERPOINT, CH. J.    The only question presented for our consideration arises upon the charge of the court in regard to the $350. note declared upon. .

It appears from the exceptions that this note was executed by the defendant and made payable to the Bank of Royalton, or bearer, and was discounted by said bank; that when the note fell due, Ziba Sprague paid the note to the bank and took it up, and afterwards transferred it to the plaintiff in this suit. At the time the note was executed, and when it was paid, the said Ziba and the defendant were partners in business.

The defendant claimed, upon the trial, that the note was executed for the purpose of raising money thereon at the bank to be applied in payment of a debt the company owed to one Fowler, and that the money obtained upon the note was applied in payment of that debt ; that this was with the knowledge and assent of said Sprague, and that the reason why Sprague did not sign the note, was that he was one of the directors of the bank, and then had a credit there to the extent that the bank, by law, could allow to a director, and that when Sprague went to pay the note, he, the defendant, furnished him with company funds, with which he paid the note. All this said Sprague denied, and insisted that the note was the private note of the defendant given to raise money for his individual use, and that the money when obtained was used for his sole benefit, and that when he paid said note to the bank he did it with his individual funds, and at the request of the defendant, and that when they subsequently settled their copartnership dealings this note was not taken into the account, but that upon that occasion the defendant promised that he would pay to him the note. This the defendant denied.

In view of these respective claims and all the evidence introduced on both sides in support of them, the court charged the jury upon every aspect of the case in a manner that was satisfactory to the plaintiff except that the court told the jury "that if the $350. note was executed and discounted for the copartnership of the defendant and Ziba Sprague, for the purpose of raising money to pay a debt the company owed Fowler, and the money raised upon it was used for

that purpose in the business of the firm, as the evidence on the part of the defendant tended to show, then whether Ziba Sprague paid the note to the bank out of the company funds, or out of his own private funds, the payment to the bank extinguished the note, as a note, and that if the defendant afterwards promised Ziba Sprague to pay it, as the evidence on the part of the plaintiff tended to show, it would not revive the note so as to enable Ziba Sprague to transfer it to this plaintiff at the time he did, and thereby enable this plaintiff to recover upon it in this action."

It is conceded that this plaintiff stands in no better position in respect to the right of recovery, than Ziba Sprague would have done if he had retained the note and the suit had been brought in his name. In considering the case then we may, for convenience, treat the question as one between Ziba Sprague and the defendant.

If the $350. note was in fact a copartnership debt, although signed by the defendant alone, then Sprague was under the same obligation to pay it, that the defendant was, as between themselves. Their relations in respect to the note were the same that they would have been if Sprague had signed the note with the defendant; and if he had signed it, and then paid it with his own funds, no one will contend that the legal effect would not have been to entirely cancel the note and leave it of no binding force as a note. The paper would remain in the hands of the party paying it, as evidence of the fact that he had paid it, and would constitute the basis of a claim in' his favor against the company for the amount of the money he had paid to take it up and such claim would be a proper subject for adjustment in the settlement of the company business.

The legal effect of the transaction in this case is precisely the same. The defendant and Sprague were copartners in respect to the matter, according to the proposition laid down by the court below; hence, when Sprague paid the note to the bank, he simply paid a company debt with his own funds; the debt to the bank was thereby extinguished, and the note, as such, ceased to be of any binding force against the defendant, and Sprague, by reason thereof, had a claim against the company for the money paid.

There was no error, therefore, in the county court in telling the jury that if the note was paid by Sprague, under the circumstances, it was extinguished as a note.

Then would a mere promise, afterwards made by the defendant to Sprague, to pay the note to him, revive it as a note so as to enable Sprague to set it up as a binding obligation against him, and recover thereon in an action brought upon it?

Whether it would have been competent for Sprague and the defendant, by an agreement made on sufficient consideration, to the effect that this writing should thenceforth be held by the said Sprague and regarded by the defendant as a valid and binding note against the defendant, and which he then promised to pay to the said Sprague, is not the question. No such claim was made by the plaintiff in the county court. Such a claim would have been wholly at variance with the ground on which the plaintiff sought to recover. The plaintiff based his right to recover upon the alleged fact that the note was a private note of the defendant, having no connection with the copartnership; that they settled all their company business without any reference to this note, and that on that occasion the defendant promised to pay this note, as his then existing private debt, to Sprague, this promise being important only as bearing upon the question of whether it was the defendant's private debt, and upon the plea of the statute of limitations, and upon these points the plaintiff had the full benefit of it before the jury; but there was no pretence that the defendant and Sprague, regarding this note as a company note and extinguished by its payment, attempted by any agreement based on any consideration to revive or set this note up, or make it a binding obligation against the defendant in favor of said Sprague. If, then, the defendant is liable upon this note it is solely by force of that naked promise to pay it. Both parties claim that, at the time when the promise is said to have been made, their company affairs had been fully settled and closed between them. If this note was a company obligation, there was nothing existing between the parties, so far as the case shows, that could have constituted the consideration for the promise, hence the promise was

void and of no binding force, even though it would have had the effect to revive the note if it had been made on sufficient consideration. Hence we find no error in the charge of the court below in this respect.

Judgment of the county court is affirmed.