## ORMSBEE *v.* KIDDER, KETCHUM, AND LUCE.

### *Promissory Note.*

Defendants were partners, and K., one of them, furnished money to be used in the partnership business, and took a note therefor payable to himself or order, and signed by himself and the other defendants. K's wife became the owner of said note, and sent it to plaintiff by K. for collection, and K. indorsed it to plaintiff for collection merely. K. made no defence to the note. *Held*, that plaintiff could recover upon it.

ASSUMPSIT on a promissory note of the tenor following:

BRANDON, MAY 8, 1869.

Six months from date, for value received, we promise to pay G. M. Kidder, or order, five hundred dollars, with ten per cent. interest,—the money to apply on rakes.

ANDREW J. KETCHUM.
CURTIS O. LUCE.
G. M. KIDDER.

Indorsed: Pay to E. J. Ormsbee, or order.

G. M. KIDDER.

Plea, the general issue. Trial by jury, March Term, 1874, WHEELER, J. presiding. Defendant Kidder made no defence.

46

It appeared that the defendant Geo. M. Kidder was the payee as well as one of the signers of said note. Defendants' evidence tended to show, that at the time said note was given, they were partners in the manufacture of rakes, and that the note was given to Kidder for money furnished by him to use in the partnership business, and that it was indorsed to the plaintiff for collection merely. The evidence further tended to show, that Caroline M. Kidder, wife of Geo. M. Kidder, was the owner of the note, and that she sent it to the plaintiff by her husband for collection. Upon this evidence, the court directed a verdict for defendants. Exceptions by plaintiff.

*Edgerton & Nichols*, for defendants, cited *Sweat* v. *Hall*, 8 Vt. 187 ; *Green & Roberts* v. *Chapman*, 27 Vt. 237 ; 1 Bl. Com., marginal p. 442; 2 Kent Com. 129 ; Shoul. Dom. Rel. 63 ; 2 Story Eq. Jur. ss. 1369, 1370.

*Prout, Simons & Walker*, for plaintiff, cited *Norton* v. *Downer*, 15 Vt. 569 ; *Boardman* v. *Roger*, 17 Vt. 589 ; *Haskell* v. *Randall*, 23 Vt. 275 ; *Austin* v. *Birchard*, 31 Vt. 589 ; *Richardson* v. *Morrill*, 32 Vt. 36 ; *Caldwell* v. *Renfrew*, 33 Vt. 213 ; *Abel* v. *Cole*, 39 Vt. 319 ; *Richardson* v. *Waite*, 39 Vt. 535 ; *Nevins* v. *Townshend*, 6 Conn. 5 ; *Moore* v. *Denslow*, 14 Conn. 235 ; *West* v. *Howard*, 20 Conn. 587 ; *Thayer* v. *Buffum*, 11 Met. 398 ; *Stearns* v. *Beals*, 10 Cush. 291 ; *Temple* v. *Seaver*, 11 Cush. 314; *Slawson* v. *Loring*, 5 Allen, 340 ; *Sherwood* v. *Barton*, 36 Barb. 284 ; Parsons Notes and Bills, 86, *et seq.;* Byles on Bills, 97.

The opinion of the court was delivered by

Ross, J. To sustain the action of the County Court directing a verdict for the defendants, the conceded facts, taken in connection with the facts that plaintiff's testimony tended to prove, must fail to establish a right of recovery in the plaintiff. It is conceded that Geo. M. Kidder was both signer and payee of the note. As the evidence on both sides tended to prove it, it may be taken as established, that the plaintiff holds the note for collection, and has no other interest in it, nor in the suit, than a nominal plain-

tiff. The judgment in his favor, if one should be recovered, he would hold as trustee of the owner of the note. The plaintiff's testimony tended to show that Caroline M. Kidder, the wife of Geo. M. Kidder, signer and payee, was the owner of the note, and that she sent the note for collection to the plaintiff by her husband. The presumption is that he indorsed the note to the plaintiff for that purpose. Assuming that the jury would have found these facts — as the plaintiff had the right to go to the jury on the evidence tending to establish them — do they give the plaintiff a right of recovery? Ownership of the note implies the payment of a valuable consideration for it. If Caroline M. Kidder paid value for the note, the law presumes the payment to have been made from her own separate property. If her husband received the money from her, and in consideration thereof indorsed and delivered the note to the plaintiff to hold and collect for her, he thereby so treated the money received by him as her separate property as to be estopped from denying that fact in the suit. He, in effect, made the plaintiff the trustee of his wife, to hold and collect the note, both against himself and the other makers. Conceding what the defendant's evidence tended to show, as established, namely, that the signers of the note were in partnership when the note was given, and that it was given for money furnished by Kidder to use in the partnership business — although on the statement in the exceptions the plaintiff would have the right to go to the jury on the defendant's evidence in regard to the establishment of these facts — if Geo. M. Kidder had indorsed the note in controversy to the plaintiff for value, the plaintiff would have been entitled to recover. *Norton* v. *Downer et als.* 15 Vt. 569. The technical legal disability to the maintenance of a suit on the note by Geo. M. Kidder, arising from the fact that he would be both plaintiff and one of the defendants, did not disqualify him from indorsing the note to a third party for value; nor did it disqualify such indorsee from maintaining a suit in his own name on the note. In such case, if nothing was shown, the law would presume that the indorsee paid value for the note. *Norton* v. *Downer et als.*, *supra*. Such being the case, the disability to the maintenance of the suit in the name of the plaintiff, if any, must arise from the fact that

the wife of one of the defendants is the owner of the note. Geo. M. Kidder could as well indorse and deliver the note, which he owned and could transfer to a third party, to the plaintiff, as he could make his own note to him, to hold and collect for his wife. The disability of a wife to contract with or sue the husband, arises from coverture—the common law, for most purposes, treating the legal existence of the wife as merged in that of her husband. Equity has long treated the husband and wife, for many purposes, as having a separate legal existence; has allowed the wife to contract with the husband for some purposes in regard to her separate property, without the intervention of a trustee, and has enforced such contracts by a suit against the husband in the name of the wife *per prochein ami*. But the common law has compelled the wife, in making and enforcing such contracts by suit, with a very few exceptions, to operate in the name of a third party, who, though he makes and enforces such contracts by suit apparently in his own name, acts as her trustee, and does it really for her sole benefit. The right of such trustee to contract for her benefit, and to enforce her contracts in his own name by suit at law, has long been recognized. Nor does it make any difference that the wife really makes the contract with her husband, if it be in the name of a third party. Such third party can enforce the contract in his name. This disability of coverture, since the wife is allowed to hold separate property, and must of necessity contract in relation thereto, and to that end is allowed to employ her husband to act as her agent, is more technical than real. This technicality is obviated when a third party takes the contract and brings the suit in his own name, though in reality for the sole benefit of the wife. 2 Story Eq. Jur. s. 1387. It is to be noticed that the husband, Geo. M. Kidder, made no defence to the suit. It is somewhat difficult to understand how the other defendants can take advantage of the fact that the ownership of the note is in fact in the wife of Kidder. However that may be, the fact of her coverture can avail them to no greater extent than it could her husband if relied upon by him. We think, as against him, the plaintiff may well maintain this suit so far as it is affected by the ownrship of the note in fact being in his wife.

Ormsbee *v.* Kidder et als.

Nor do we think that the facts that the makers of the note were partners when it was given, and that the money was furnished by one of them to use in the partnership business, if established, without something more should be shown, can avail the defendants. It is not to be presumed or conjectured that the note was given as a receipt for the portion of capital invested in the concern by the payee. *Norton* v. *Downer et als.*, *supra*. The giving of the note, bearing interest, would indicate that it was for money borrowed by the partnership of one partner, and so a partnership debt, and not a part of the partnership assets, to be settled in the general accounting on the final settlement of the partnership. What would be the legal consequence of showing that the note was given as a receipt for the portion of capital invested in the concern by Geo. M. Kidder, we do not attempt to decide. We do not think this case, on the facts that the evidence even tended to establish, falls within the principle announced in *Sprague* v. *Ainsworth*, 40 Vt. 47. The note, as such, on the hypothesis on which that case was submitted to the jury, had been paid by one of the partners out of his own private property. That was an extinguishment of the note, and the partner paying it could not thereafter put it in circulation, especially after it became uncurrent, so that the indorsee could maintain an action upon it. In the case at bar, so far as the evidence discloses, the note was given as a negotiable instrument, for the purpose of negotiation, and presumably negotiated while current. In its facts, with the exception of the ownership of the note being in the wife of one of the defendants, it is almost identical with *Norton* v. *Downer*.

Judgment reversed, and cause remanded.