A. W. KENNEY AND FRANCIS E. DOWNER, EXRS.,

v.

AUSTIN HOWARD AND F. E. HOLT.

OCTOBER TERM, 1895.

*Partnership.   Individual note for firm debt.*

If a surviving partner borrows money with which to pay partner-
ship debts, giving his individual notes therefor, these notes
are, between him and the executors of the deceased partner,
a partnership indebtedness, and he may pay them out of
partnership funds in his hands.

Debt on bond.   Heard upon an agreed statement of facts
at the May term, 1895, Windsor county, TAFT, J., presid-
ing.   Judgment for the defendant.   The plaintiff excepts.

*J. J. Wilson* for the plaintiff.

When Howard gave his individual note for the partner-
ship debts the estate of the deceased partner was relieved
from all liability to partnership creditors. *Sprague* v. *Ains-
worth*, 40 Vt. 47.

*D. C. Denison & Son* for the defendant.

Downer's estate was still liable to the defendant to pay its
share of the notes which he had given for the partnership
indebtedness.   Addison Con., s. 318; *Sprague* v. *Ains-
worth*, 40 Vt. 47.

ROSS, C. J.   Chester Downer and defendant, Howard, were partners in a lumbering business.  February 14, 1890, Chester Downer deceased.  The partnership then owned a large amount of personal property and real estate, and was also indebted to a large amount.  The defendant, Howard, the surviving partner, being unable to sell the partnership property so as to meet the debts of the firm, raised money on his own notes to pay a portion of such indebtedness.  He had sold some of such property for which he had not been paid.  The remaining partnership personal property had been appraised as a part of the estate of Downer.  In this state of the affairs of the partnership, the surviving partner, Howard, purchased the interest of the estate in the partnership personal property appraised, and entered into an agreement with the plaintiffs by which he bound himself

"To apply the money received for said lumber so sold, and not included in said appraisal, to reduce said indebtedness of the said Downer and Howard; and he further agrees, secondly, to apply the purchase price of said lumber, to wit., the sum of seven thousand five hundred and ten dollars, also on said indebtedness of said firm until such indebtedness is fully extinguished; thirdly, to apply the remainder of said purchase money, if any, to settle and adjust any unsettled deal or balance that the said Howard may be owing said Downer estate; and, fourthly, if there is any left of said purchase money, to apply the same on the notes which the said Howard is owing the said Downer estate."

The defendant Howard gave the bond in suit to secure the fulfilment of his portion of the agreement above quoted.  The only claimed breach of the bond is that he used some of the purchase price of the lumber, or of the seven thousand five hundred and ten dollars, to pay the notes which he had given to raise money to pay partnership indebtedness, while managing the business as surviving partner.  The contention is, was this an application of the purchase price of the lumber "on said indebtedness of said firm until such indebtedness is fully extinguished."   If not, there was a

breach of the bond in suit, although he subsequently paid all the partnership debts, so that none were returned allowed against the estate; if so, then there has been no breach of his bond by defendant Howard. In determining this contention it is to be borne in mind that the agreement is between the estate of Downer, the deceased partner, and Howard, the surviving partner. The death of Downer dissolved the partnership. Having borrowed the money and used it for paying partnership debts, Howard would be entitled to pay the notes out of partnership funds. The notes, in form, were his personal debts. The holder of the notes, at law, would be obliged to sue him alone. But the money derived therefrom, having been used in the partnership business, the notes, if paid by the estate of Downer, would have been extinguished, and it could have collected only one half of the sum paid from Howard. *Sprague* v. *Ainsworth*, 40 Vt. 47. In that case, the plaintiff sought to recover on a promissory note signed by the defendant, which he purchased of Ziba Sprague. Under the charge of the court the jury found that Ziba Sprague and defendant, at the time the note was given, were partners, and that the defendant, with the knowledge and assent of Ziba Sprague, gave the note to the Bank of Royalton to raise money to use in the partnership business; that Ziba Sprague took up the note when it was due, and afterwards sold it to the plaintiff. It was held that the payment of the note by Ziba Sprague was an extinguishment of the note, and that the plaintiff could not recover upon it. This holding is placed on the ground that, although as between the bank and defendant the note was the individual note of the defendant, yet having been made for and the money received used in the partnership business with the assent of Ziba Sprague, as between Ziba Sprague and the defendant it was a partnership debt, and that its payment by the other partner was, in law, its extinguishment.

We think in principle the notes of the defendant, which he gave in his own name while acting as surviving partner, to raise money which he used in paying partnership debts, were an obligation which, as between him and the estate of the deceased partner, was to be paid out of the partnership assets. These notes were not and could not be given with the assent of Downer. His power to assent being taken away by death, the law cast upon the surviving partner the duty of judiciously managing the partnership property and of paying the partnership debts, even to borrowing money, if necessary to pay pressing partnership debts, without such assent. While the payee of the notes could only sue the defendant thereon, yet, if the plaintiffs as executors of the will of the deceased partner, had paid the same, they would have paid a partnership indebtededness, and could have charged only one-half of the sum paid to the defendant. Hence, while between the defendant and the payee of the notes they were the individual notes of the defendant, between the estate represented by the plaintiffs and defendant Howard they represented a partnership indebtedness. The agreement secured by the bond in suit was between the plaintiffs, as the representatives of the estate of the deceased partner, and Howard, the surviving partner, and bound Howard first, to apply the purchase money of the partnership property bought by him on the indebtedness of the firm, until such indebtedness is fully extinguished. The notes paid, between the parties to this agreement, secured by the bond in suit, represented a partnership indebtedness. Hence their payment by Howard out of the purchase price of the partnership property, bought by him, was a fulfilment and not a breach of the condition of the bond in suit.

*The judgment of the county court is affirmed.*